**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| MOHAMMAD AL-ADAHI, *et al.*, | : | |
| | : | |
| Petitioners, | : | |
| | : | |
| v. | : | Civil Action No. 05-280 (GK) |
| | : | |
| BARACK H. OBAMA, *et al.*, | : | |
| | : | |
| Respondents. | : | |

## MEMORANDUM ORDER

On January 19, 2009, the Government submitted its Memorandum Concerning the Appropriate Definition of Enemy Combatant [Dkt. No. 249]. On January 27, 2009, the Court entered a Minute Order requiring the Government to address Petitioners' Memorandum of Law Concerning the Appropriate Definition of Enemy Combatant [Dkt. No. 250]. On February 19, 2009, the Government complied and filed its Response.

While the Government submitted six pages of verbiage, it certainly failed to provide any substantive response to the arguments made in Petitioners' Memorandum of Law. Instead, the Government requests, as it did before Judge Bates in Hambly v. Obama, Civ. No. 05-763, Zaid v. Obama, Civ. No. 05-1646, and Al-Ghizzawi v. Obama, Civ. No. 05-2378, "time to consider and, if appropriate, refine its position" before responding to Petitioners' Memorandum of Law. Gov. Resp. at 3. The Government also requests adoption of the same schedule set by Judge Bates in those cases. In short, because of the complexity of the "weighty issues" of constitutional and international law involved in the definition of "enemy combatant," and because the new Obama Administration is rethinking "the proper legal bases of detaining" those who are imprisoned at Guantanamo Bay, the

Government urges the Court to reserve ruling on these issues at this time, and to delay adjudication about the legal basis for petitioners' detention until these cases reach the merits stage. The Government's Response is totally unacceptable.

First, the Government has failed to comply with the Court's Order to file a substantive response.

Second, this case is, in fact, ready to reach the merits stage; indeed, a hearing is set for March 25, 2009, barely one month away.

Third, the substance of the Government's position, such as it is, borders on the ludicrous. How are Petitioners supposed to present their evidence and frame their legal arguments if they do not even know the definition of what they are being charged with, namely, being an "enemy combatant"? By analogy, how would a defendant in a criminal case prepare to defend himself if he is charged with murder but does not know whether he is charged with murder in the first degree, murder in the second degree, voluntary manslaughter, or involuntary manslaughter? It is hard to imagine how Petitioners can possible proceed with completion of discovery and submission of briefs in time for the March 25 hearing without a definition of "enemy combatant."

Fourth, the Government points out that President Obama issued two Executive Orders which are relevant. He has ordered a review of the factual and legal bases for the continued detention of all individuals currently being held at Guantanamo Bay. He has also ordered a related 180-day review of the lawful options available with respect to those captured in connection with armed conflicts and counter-terrorism operations. This Court does not underestimate for one moment the difficulty of evaluating those issues and the necessity for a comprehensive review of them.

However, the Government is less than candid as to whether or not it is requesting this Court to delay ruling until completion of these two tasks.

While the Court has great reluctance to allow any additional delay, especially delay which may well jeopardize the March 25 hearing date, it realizes that the Government must have some period of time to rethink these "weighty issues" and to provide a substantive Response; it also makes sense to provide the Government with the same March 13, 2009, deadline that it has been preparing to meet since the entry of Judge Bates' Order on February 11, 2009. Therefore, it is hereby

**ORDERED**, that by no later than **5:00 p.m., March 13, 2009**, Respondents shall submit a Response containing the requested refinement of their position as to the appropriate definition of "enemy combatant." Respondents are also required to indicate what, if any, response they have to footnote one of the very recent Court of Appeals decision in <u>Kiyemba v. Obama</u>, No. 08-5424, slip op. at 3 (D.C. Cir. Feb. 18, 2009).

February 25, 2009                           /s/_____
                                            Gladys Kessler
                                            United States District Judge

**Copies via ECF to all counsel of record**